IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE LEE HOPKINS,<br><br>Defendant. | CR 22-108-BLG-SPW<br><br>ORDER |

This matter comes before the Court on a motion filed pro se by Defendant Jesse Lee Hopkins on June 14, 2023. (Doc. 94). Hopkins was sentenced to a 101-month term of imprisonment for Bank Fraud, Aggravated Identity Theft, and Felon in Possession of a Firearm on May 8, 2023, to run concurrent with Defendant's sentence in four state cases in Montana. (Doc. 86). He currently is in state custody. *See* Offender Search, https://app.mt.gov/conweb (accessed August 7, 2023). Defendant appealed his sentence to the Ninth Circuit. *See United States v. Hopkins*, No. 23-895 (9th Cir. filed May 10, 2023).

On June 14, 2023, Defendant filed a motion seeking to correct the record in order to alter the Presentence Investigation Report (Doc. 89) and reduce his guideline range. (Doc. 94). He argues that the PSR overstates his criminal history, that the Government breached the plea agreement by asking for a 120-month sentence, and that the Court should update the record to include certain documents

that his lawyer at sentencing failed to introduce. (*Id.* at 1-2). He claims the record is incomplete and his guideline range was higher than it should be, in part, because his lawyer at sentencing failed to provide him effective assistance of counsel. (*Id.* at 2, 5). Based on these errors, Defendant seeks a reduction of his sentence to 60 months. (*Id.* at 2). The Government did not file a response.

If an appeal is pending in a defendant's case, the Court does not have jurisdiction over a motion involving the same issues raised in the appeal. *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001). Defendant's appellate counsel notified the Court that he has not yet filed an opening brief (nor has the deadline passed). Accordingly, the Court cannot know what issues Defendant is raising on appeal, whether those issues are the same as those raised in the instant motion, and, therefore, whether it has jurisdiction over the instant motion. The Court finds that a stay of the instant motion pending the filing of Defendant's opening brief with the Ninth Circuit is appropriate. Defendant's appellate counsel said he will notify the Court when he files his opening brief, upon which the Court will lift the stay and rule on Defendant's motion.

IT IS SO ORDERED that Defendant's pro se motion (Doc. 94) is STAYED pending the filing of his opening brief on appeal.

//

//

DATED this \_\_7th\_\_ day of August, 2023.

                                                          SUSAN P. WATTERS
                                                          United States District Judge