IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESSE LEE HOPKINS, <br><br> Defendant. | CR 22-108-BLG-SPW <br><br> ORDER |

This Court sentenced Defendant Jesse Lee Hopkins to a 101-month term of imprisonment for Bank Fraud, Aggravated Identity Theft, and Felon in Possession of a Firearm on May 8, 2023, to run concurrent with Hopkins's sentences in four state cases in Montana. (Doc. 86). Hopkins appealed his sentence on May 10, 2023. *See United States v. Hopkins*, No. 23-895 (9th Cir. filed May 10, 2023).

After appealing his sentence, Hopkins also filed a variety of pro se motions. Two are still pending. (Docs. 94, 108).

Hopkins's first motion, filed on June 14, 2023, asks the Court to correct the record in order to alter the Presentence Investigation Report and reduce his guideline range. (Doc. 94). He argues that the PSR overstates his criminal history, that the Government breached the plea agreement by asking for a 120-month sentence, and that the Court should update the record to include certain documents that his lawyer at sentencing failed to introduce. (*Id.* at 1-2). He claims the record

1

is incomplete and his guideline range was higher than it should be, in part, because his lawyer at sentencing failed to provide him effective assistance of counsel. (*Id.* at 2, 5).

Hopkins also moved for post-conviction relief on August 3, 2023. (Doc. 108). In his motion, Hopkins argues that his trial attorney's failure to request a psychiatric evaluation for Hopkins at any point in this case constituted ineffective assistance of counsel and therefore the Court should vacate his sentence. (*Id.* at 17-18). Hopkins also complains of the Court's refusal to apply a lower sentencing guideline range under various legal theories. (*See id.* at 19-20).

The Court stayed both motions because it was unclear if the Court had jurisdiction over either given Hopkins's appeal. (Doc. 109, 114). As explained in the respective orders, the Court does not have jurisdiction over a motion involving the same issues raised in the appeal. *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001). Defendant's appellate counsel had not yet filed opening briefs to indicate the appellate issues, so the Court could not determine jurisdiction.

On September 27, 2023, the Court received a mandate from the Ninth Circuit indicating that it had granted Hopkins's request to voluntarily dismiss the appeal. (Doc. 117). Given that the motion resolves the appeal, lifting the stay on the present motions is appropriate. The Court also orders Hopkins to file a status report with the Court on whether he intends to pursue the pending motions.

IT IS SO ORDERED that the stay on Defendant Jesse Lee Hopkins's pending pro se motions (Docs. 94, 108) is LIFTED. Hopkins shall file a status report with the Court within 14 days of his receipt of this order indicating whether he intends to pursue the pending motions following the dismissal of his appeal.

DATED this 28th day of September, 2023.

SUSAN P. WATTERS
United States District Judge